# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DOUGLAS PATTON,

           Petitioner,

v.

SUPERINTENDENT KENNETH
CAMERON, et al.,

           Respondents.

Case No. 3:09-CV-1178
(Judge Kosik)

## ORDER

AND NOW, this 1st day of March, 2010, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Michael Douglas Patton, an inmate confined at the State Correctional Institution at Cresson, Pennsylvania, filed on June 22, 2009 a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1);

(2) The matter was assigned to Magistrate Judge Martin C. Carlson, who on January 21, 2010 issued a Report and Recommendation in which he recommends that the Petition be dismissed without prejudice for failure to exhaust state remedies (Doc. 17);

(3) The Magistrate Judge found that Patton exhausted four claims on direct appeal. The statute of limitations began to run for these claims on December 22, 2008 (the date on which Patton's time to petition for a writ of certiorari with the Supreme Court of the United States expired), however the statute of limitations began to toll pursuant to 28 U.S.C. § 2244(d)(2) when Patton filed a Pennsylvania Post-Conviction Relief Act petition on September 21, 2008;

(4) The Magistrate Judge found that out of the six habeas claims, four of the claims are unexhausted and two of the claims are exhausted due to the aforementioned direct appeal;

FILED
SCRANTON
MAR 01 2010
PER _____

1

(5) The Magistrate Judge concluded that the mixed Petition should not be stayed and held in abeyance due to Patton's failure to satisfy the factors enunciated in Rhines v. Weber, 544 U.S. 269 (2005);

(6) Specifically, the Magistrate Judge found that Patton will have three months after the conclusion of his PCRA litigation during which he may refile all of his habeas claims before the statute of limitations for the claims exhausted on direct appeal expires. Therefore, Patton fails to satisfy the good cause prong of the Rhines stay and abey test;

(7) The Magistrate Judge ultimately recommends that we should dismiss all of the claims without prejudice, so that Patton may exhaust his PCRA claims in state court and then refile his federal petition for writ of habeas corpus prior to the expiration of the statute of limitations for his exhausted direct appeal claims—which, as has been stated in the Report and Recommendation, will be three months from the conclusion of the PCRA litigation;

(8) Patton requested an extension of time to file objections, which we granted;

(9) Objections to the Report and Recommendation were due on February 24, 2010;

(10) No objections have been filed;

AND, IT FURTHER APPEARING THAT:

(11) If no objections are filed to a magistrate judge's report and recommendation, the petitioner is not statutorily entitled to a de novo review of his claims. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150–53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(12) Having considered the Magistrate Judge's Report, we agree with the recommendation.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated January 21, 2010 (Doc. 17) is **ADOPTED**; and

(2) The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge;

(3) Based upon the conclusions herein, a certificate of appealability will not be issued.

_____
Edwin M. Kosik
United States District Judge