UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 21 2010

PER _____
DEPUTY CLERK

MICHAEL DOUGLAS PATTON,

Petitioner,

v.

KENNETH CAMERON, et al.,

Respondents.

Case No. 3:09-CV-1178

(Judge Kosik)

## MEMORANDUM

Presently before us are Petitioner Michael Douglas Patton's Objections (the "Objections") (Doc. 21) to Magistrate Judge Martin C. Carlson's Report and Recommendation (the "R&R") (Doc. 17).[1] After we adopted the R&R by Order on March 1, 2010 (Doc. 20), we received Patton's Objections, which he gave to the prison guards at the State Correctional Institution in Cresson, Pennsylvania ("SCI-Cresson"), where he is a prisoner, on February 24, 2010. (Doc. 22 at 1.) This makes Patton's Objections timely pursuant to our February 4, 2010 Order. (Doc. 19.) For the following reasons, we will overrule Patton's Objections and affirm our March 1, 2010 Order adopting the R&R.

### PROCEDURAL HISTORY

On June 22, 2009, Petitioner Michael Douglas Patton ("Patton") filed his pro se Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) pursuant to 28 U.S.C. § 2254. In the Petition, Patton alleges that he was "subjected to successive, repeated prosecutions in the Court of Common Pleas of York County," Pennsylvania. (Id. at 1.) Patton alleges claims against

---

[1] Because we deem Patton's Objections timely, we will deny his Motion for Reconsideration (Doc. 22) as moot and consider his Objections now.

1

Respondents Superintendent Kenneth Cameron, the York County District Attorney, and Attorney General Tom Corbett (collectively, the "Respondents"). (Doc. 1 at 2, Doc. 17 at 1.) The R&R details Patton's state court proceedings. (See Doc. 17 at 1–5.)

On September 21, 2009, Respondents filed their first of three responses to Patton's Petition (the "Response"). (Doc. 6.) Respondents argue that Patton has failed to exhaust his state court remedies, that the jury's verdict was consistent with the evidence and testimony presented at trial, and that the trial court made appropriate rulings on the pertinent objections at trial and in sentencing. (Id. at 11–28.)

That same day, Patton filed a petition for relief under the Pennsylvania Post-Conviction Relief Act (the "PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541–9546. (Doc. 13 at 2; Doc. 17 at 5.) In the PCRA petition, Patton raised his double jeopardy and ineffective assistance of counsel claims with the state courts for the first time. (Doc. 17 at 5.) As the Magistrate Judge notes, "a comparison of Patton's federal and state petitions reveals that many of Patton's federal claims were not exhausted at the time of the federal filing, and indeed, had not even been presented to the state courts in any form at the time of his June 2009 federal filing." (Id. at 5.)

On October 6, 2009, the Magistrate Judge ordered Respondents to submit a brief addressing the issue of ineffective assistance of counsel, which neither party had addressed previously. (Doc. 8.) On November 6 and 10, 2009, Respondents filed supplementary responses to the Petition.[2] (Doc. 13.) In the Supplemental Response, Respondents argue that Patton's double jeopardy claim is meritless and cannot be grounds for an ineffective assistance of counsel claim. (Id. at 4.) Respondents also argued that Patton's failure to file an ineffective assistance of

---

[2] Because these two filings (Docs. 13 &14) are identical, we will only cite to the document filed on November 6, 2009 (Doc. 13), which we will refer to as the "Supplemental Response."

2

counsel claim in state court under the PCRA precludes him from raising such a claim before this court now. (Doc. 13 at 3.)

In the R&R, the Magistrate Judge recommends that we dismiss Patton's Petition, in large part because of the unexhausted nature of many of Patton's claims. (Doc. 17 at 1.) The Magistrate Judge reasons that Patton has failed to exhaust the majority of his claims in state court, which makes it premature for this court to consider Patton's Petition. (Id. at 11–13.) The Magistrate Judge also analyzes Patton's claims to see whether granting a stay and abeyance to give Patton time to exhaust his state court remedies would be appropriate and concludes that it would not. (Id. at 13–26.)

Patton appears to raise six claims for relief against Respondents. (Doc. 1.) In the R&R, the Magistrate Judge notes that Patton raises a number of previously unlitigated claims. (Doc. 17 at 4–5.) In summary, Patton alleges:

1. Patton's prosecution following two prior mistrials violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Doc. 17 at 4; see also Doc. 1 at 15, Ground 1.)
2. "[T]he state courts lacked subject matter jurisdiction because the charges against Patton were not brought by indictment following presentation of the evidence to a grand jury." (Doc. 17 at 4; see also Doc. 1 at 15, Ground 2.)
3. "Patton's conviction was the result of ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments." (Doc. 17 at 4; see also Doc. 1 at 17, Ground 4.)
4. "[T]he Commonwealth knowingly relied upon perjured testimony to secure Patton's conviction. (Doc. 17 at 4; see also Doc. 1 at 17, Ground 6.)

Patton also raises two claims that the Magistrate Judge categorizes as having been part of his direct appeal from his conviction when liberally construed. (Doc. 17 at 4.) In these claims, Patton alleges that:

1. He is innocent of the crimes for which he was convicted (Doc. 17 at 4; see also Doc. 1 at 15, Ground 3); and

3

2. "[R]estrictions on cross-examination of a government witness, an issue which was the subject of Patton's initial state appeal, unfairly curtailed his constitutional right to confront the witness" (Doc. 17 at 5; see also Doc. 1 at 17, Ground 5).

On March 1, 2010, we adopted the R&R. (Doc. 20.) As we noted above, Patton filed his Objections to the R&R by handing them to a prison officer at SCI-Cresson on February 24, 2010. This makes the Objections timely pursuant to our February 4, 2010 Order (Doc. 19) despite their delay in reaching the court. In his Objections, Patton argues that his claims of actual innocence, denial of effective assistance of counsel, denial of indictment by grand jury, and the prosecution's alleged use of perjured testimony during the state proceedings are meritorious. (Doc. 21 at 12–13.) Patton argues that he is actually innocence of the underlying crime for which he was convicted. (Id. at 5.) Patton states that the actual innocence claim renders his other claims reviewable by this court. (Id. at 10.)

We now review the Magistrate Judge's R&R in light of Patton's Objections. For the following reasons, we will overrule Patton's Objections and let stand our March 1, 2010 Order adopting the R&R.

### STANDARD OF REVIEW

The Federal Magistrates Act, codified in pertinent part at 28 U.S.C. § 636, provides that a district judge may delegate the duty of screening such complaints to a magistrate judge. 28 U.S.C. § 636(b)(1)(A). Where a party objects to the magistrate judge's findings and recommendations, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although review is de novo, the court is permitted by statute to rely upon the magistrate judge's

4

proposed recommendations to the extent the court, in the exercise of sound discretion, deems proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petition." The district court may dismiss a petition without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 1345, 141 (6th Cir. 1969), cert. denied, 400 U.S. 906 (1970).

### Discussion

In the R&R, the Magistrate Judge recommends that we dismiss the Petition because Patton has failed to exhaust most of his claims in state court. Patton contends that his actual innocence claim permits him to circumvent the exhaustion requirement. We disagree and will therefore overrule Patton's Objections and let stand our March 1, 2010 Order adopting the R&R.

A state prisoner must exhaust his state remedies before he seeks habeas relief. See 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 515 (1982); Pichard v. Connor, 404 U.S. 270, 275 (1971); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). Exhaustion "ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." See

5

Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). Exhaustion does not foreclose, but only postpones, federal relief. See Love, 89 F.3d at 138.

Exhaustion in post-conviction matters in Pennsylvania once required presentation to the state's highest court. See Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). In 2000, however, the Pennsylvania Supreme Court issued In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order 218"). See Williams v. Wynder, 232 F. App'x 177, 178, 181 (3d Cir. 2007). Order 218 provided that "a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." Id. The Third Circuit "stated in Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004), that [Order 218] 'renders review from the Pennsylvania Supreme Court unavailable for purposes of exhausting state court remedies under § 2254(c).'" Id. at 179. Pursuant to Order 218, prisoners seeking post-conviction relief in federal court need only pursue their claims until they receive a final decision from the Pennsylvania Superior Court. Id. If the chance to exhaust state remedies has been foreclosed, then a procedural default occurs and the lack of exhaustion is an adequate and independent state ground barring federal court review of the claim. See id. at 181.

The exception to the exhaustion requirement is when the prisoner can show a valid excuse, which exists in absence of available state corrective process or there exists circumstances rendering such process ineffective to protect the rights of the petitioner. See Moscato, 98 F.3d at 761–62; see also Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir. 1987). The process is ineffective when inexcusable delay by the state in processing claims for relief may render the state remedy ineffective to protect the rights of the prisoner. See id. The petitioner must

6

demonstrate exhaustion of state remedies or provide a reason why exhaustion is not required. See Landano v.Rafferty, 897 F.2d 661, 668 (3d Cir.), cert. denied, 498 U.S. 811 (1990).

"In addition to the cause and prejudice standard, a limited exception to procedural default has been recognized where 'failure to consider the claims will result in a fundamental miscarriage of justice.'" Johnson v. Pinchak, 392 F.3d 551, 564 (3d Cir. 2004) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). This exception only applies, however, "where the miscarriage is tied to the petitioner's actual innocence." Id. (citing Schlup v. Delo, 513 U.S. 298, 321–22 (1995)). "The 'prototypical example' of the application of the 'actual innocence' exception is where a petitioner is innocent of all criminal wrongdoing, such as where he claims that the government has convicted the wrong person of the crime." Id. (citing Sawyer v. Whitley, 505 U.S. 333, 340 (1992)). In Schlup, the Supreme Court stated that the test for claims of actual innocence is that:

> The habeas petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice.

Glass v. Vaughn, 65 F.3d 13, 16 (3d Cir. 1995) (quoting Schlup, 513 U.S. at 327). Moreover, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993).

In the present case, Patton fails to meet the burden of establishing that he has exhausted his state remedies prior to seeking habeas relief. As the Magistrate Judge notes in the R&R, rather than presenting a petition that raises exhausted state claims, Patton is in fact concurrently pursuing his claims in the state courts through a PCRA

7

petition filed on September 21, 2009. At the time Patton filed the instant Petition, he had not yet raised them in state court, let alone given the state courts time to review the claims.

Patton also raises an actual innocence claim, which he alleges would permit us to review his Petition despite the fact that he has not exhausted all of his state remedies. Patton fails to allege any evidence to support his assertion of actual innocence, however. He presents no new evidence that would indicate that he has been falsely convicted of the crimes in question, nor does he raise meritorious claims regarding his counsel's conduct during his state proceedings that would render the outcome of his criminal trial unreliable. A mere recitation of innocence is not enough for this court to deprive the state courts their right of first review of Patton's claims.

We will therefore overrule Patton's Objections and let stand our adoption of the R&R contained in our March 1, 2010 Order. An appropriate order follows.

| UNITED STATES DISTRICT COURT | | |
|---|---|---|
| MIDDLE DISTRICT OF PENNSYLVANIA | | |

| | | |
|---|---|---|
| MICHAEL DOUGLAS PATTON, | : | |
| Petitioner, | : | |
| | : | Case No. 3:09-CV-1178 |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al., | : | (Judge Kosik) |
| | : | |
| Respondents. | : | |

### ORDER

AND NOW, this 21st day of April, 2010, IT IS HEREBY ORDERED THAT:

1. Patton's Motion for Reconsideration (Doc. 22) is **DENIED** as moot;

2. Patton's Objections to the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 21) are **OVERRULED**;

3. We **LET STAND** our March 1, 2010 Order (Doc. 20) adopting the Report and Recommendation (Doc. 17), dated January 21, 2010;

4. The Clerk of Court is directed to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based upon the conclusions herein, a certificate of appealability will not issue.

_____
Edwin M. Kosik
United States District Judge